# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO RAMIREZ-FLORES, also known as Alberto Flores, Jr., also known as Alberto Ramirez Flores, also known as Ramirez Flores Alberto,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-400

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Alberto Ramirez-Flores (Ramirez) appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326. He argues that the district court erred in denying his motion to dismiss the indictment as barred by the five-year statute of limitations because he was "found in" the United States when he began filing federal income taxes.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20161

Barring circumstances that suggest that immigration authorities should have known of his presence earlier, the five-year statute of limitations commences when the alien is "found in" the United States. *United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996). For an alien to be "found in" the United States for purposes of § 1326, "(1) immigration authorities must have specifically discovered and noted the alien's presence, and (2) knowledge of the illegality of the alien's presence must be reasonably attributable to immigration authorities." *United States v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013).

The Government has moved for summary affirmance in lieu of filing an appellate brief. Relying primarily on *Compian-Torres*, the Government asserts that Ramirez was not "found" for § 1326 purposes until he was detained by Texas authorities and referred to immigration authorities.

Ramirez does not argue on appeal that the facts of his case do not fall within the holding of *Compian-Torres*. Rather, he acknowledges that his argument is foreclosed under *Compian-Torres*, and he raises his argument "solely to preserve the matter for potential appeal to the Supreme Court." In light of the foregoing, the Government's motion for summary affirmance is granted. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion to extend the time to file a brief is denied as unnecessary.

AFFIRMED; MOTION GRANTED.